## Case No. 9,160.

### MARTIN et al. v. CURTIS.

[Betts' Scr. Bk. 99.]

Circuit Court, S. D. New York. 1842.[1]

CUSTOMS DUTIES—COTTON BAGGING—GUNNY CLOTH—ARTICLES USED FOR PARTICULAR PURPOSE.

[1. Substances not used for cotton bagging before the passage of Act July 14, 1832 (4 Stat. 583), are not dutiable as such under that act.]

[2. Whether gunny cloth was used for cotton bagging before the passage of Act July 14, 1832 (4 Stat. 583), is a question for the jury.]

[3. A tariff act imposing a duty on articles used for a particular purpose should not be construed to include articles not so used at the time of the passage of the act, in the absence of an express provision to that effect.]

---

[1] [Reported by Samuel Hempstead, Esq.]
[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Affirmed in 3 How. (44 U. S.) 105.]

[At law. Action by Martin and Coe against Edward Curtis to recover back duties illegally exacted.]

This action is brought to recover back the duties paid on several importations from Dundee during the year 1841, of gunny cloth, which were paid under protest, amounting to $4,500, and which were levied by the defendant upon the article imported as cotton bagging, gunny cloth being prior to the tariff of July 14, 1832, free of duty. The case (the first tried in this city and the second in the country) is one of very large importance, inasmuch as there have been an immense amount of duties paid on the article under protest, which will be immediately claimed to be refunded and put in suit. The treasury department at Washington also looks with anxiety to the result of the suit, as a case was recently tried in Boston before Judge Story, in which the plaintiff recovered back the duties paid, and instructions were sent here to have this case tried, notwithstanding the decision of Judge Story and the verdict against the United States, in order to obtain Judge Thompson's views as applicable to the law of the case. On the part of the plaintiffs, evidence was adduced showing that previous to 1832, gunny cloth was unknown as an article of cotton bagging. It came originally from the East Indies as gunny bags, and during a great scarcity of cotton bagging a Mr. Watt invented a substitute by cutting open these gunny bags, and sewing them together in another shape, he formed an article suitable for cotton bagging. It is made of the gunny or jute hemp, which grows in the East Indies, and differs in its construction from the cotton bagging known prior to 1832, and which was made of hemp, tow, flax, and sometimes cotton, by having a double wrap and web. The duty was levied by the defendant under the act of 1832, which says the duty shall be levied on cotton bagging, or any article used for cotton bagging, "without regard to weight or width," and the plaintiffs insist, that inasmuch as this article of gunny cloth was unknown at the time that act was passed, congress could not of course have reference to it, in levying a duty on "any other article used for cotton bagging, without regard to weight or width." The defendant urged a different construction of the act, and evidence was also offered to show that this article was in general use as cotton bagging. This was distinctly proved, but there was no evidence to show that it was known or used for such purpose prior to 1832.

D. Lord, Jr., for plaintiffs.

Ogden Hoffman, for defendant.

THOMPSON, Circuit Justice, charged that in his opinion this case was one which depended entirely on the verdict of the jury, that is, whether in 1832, when the tariff act was passed, levying a duty on cotton bagging, gunny cloth was known as being used for cotton bagging. It had been supposed by the defendant that Judge Story in the case tried before him, had laid down some new principles as to the construction of the act of '32, and this court was now called upon to give a decision not in conformity with his. If this court considered that Judge Story had advanced any new principle, they would give the present case more deliberate examination. He did not understand that any new principle had been stated, but that the principle laid down by Judge Story had been established these ten years by the decision of the supreme court of the United States. He believed that the jury were to preserve the existence of the commercial understanding of terms made use of because the laws were made for those engaged in mercantile pursuits, and if they did not resort to that understanding in deliberating upon actions of this nature, they would mislead the merchant who deals in the article. This, which was the decision of Judge Story, was no new rule, but had been settled on the soundest principles for ten years.

The enquiry was then, whether under the act of 1832, this gunny cloth was known as an article applied to the bagging of cotton. The defendant insists that the words "without reference to weight or width" were susceptible of a different construction. It was proper that the duty laid in 1832 should apply to all articles then known and used for cotton bagging, and it did so apply because some was made of hemp, some of flax, of tow and even of cotton, and the qualification therefore did apply to all articles then known or used as cotton bagging, but not to an article unknown as used for such purpose, and if congress had intended to embrace every article which could be used for cotton bagging, they would have said so. They used the words with reference to the articles then known, and not to any which might afterwards be applied to the same use.

The act of Aug. 30, 1842 [5 Stat. 548] has not, as has been asserted, any material bearing on the case. In that act, congress uses broader language, and meant to adopt such language as would cover all articles which might be used for cotton bagging, and the 20th section embraces all articles which bear a similitude to articles which are liable to duty. In 1832, this was not known as an article used for cotton bagging and whoever applied it to that use, because it was cheaper, did nothing improper, but made an honest application of his ingenuity, but congress finding that the ingenuity of man had discovered something which would answer the purpose of bagging for cotton, and which was not known in 1832, and that gunny cloth would answer that purpose, laid a specific duty on it. The court saw nothing in the act of 1842 to take from this case the settled law, that the duty should be laid according to the commercial understanding and acceptance, of the article.

Was then this gunny cloth known and used in 1832 when the act was passed, as cotton bagging? If the jury believe it was, the duty was properly laid; and if not, the plaintiffs were entitled to a verdict.

Verdict for plaintiffs.